JOURNAL ENTRY AND OPINION
On October 26, 1999, Defendant-Appellant, Robert Newman ("Newman") was indicted by the grand jury for aggravated robbery and felonious assault with peace officer specifications. On December 8, 1999, Newman entered a plea of guilty to the lesser charges of robbery and assault with peace officer specifications and was sentenced to concurrent terms of one year of imprisonment with credit for time served.
After serving his sentence of one year, Newman was informed that he would be placed on three years of post-release control. Newman filed this timely appeal, raising two assignments of error that he was denied due process and that his post-release control should be vacated. For the following reasons, we agree and discharge the post-release control, however the balance of the sentence is upheld.
A review of the record indicates that Newman appeared in court on December 8, 1999 and the court correctly advised Newman of his constitutional rights. After hearing his rights, Newman entered his plea of guilty to the amended charges of robbery, a third degree felony, and assault with peace officer specifications, a fourth degree felony.
We address each of Newman's assignments of error in turn. The first assignment of error is as follows:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS PLEAS OF GUILTY WERE ACCEPTED WHERE THE COURT DID NOT ADVISE DEFENDANT THAT HE COULD BE SUBJECTED TO POST-RELEASE CONTROL.
We note that although Newman has served his prison sentence, an appeal challenging the sentence of an underlying felony conviction is not moot.Ohio v. Williams (Mar. 30, 2000), Cuyahoga App No. 76090, unreported.Ohio v. Golston (1994), 71 Ohio St.3d 224, 643 N.E.2d 109, at syllabus.
Newman claims that because he was not advised of the post-release control at his plea or sentencing, his guilty plea was not knowingly, intelligently and voluntarily entered. He maintains that the violation of the mandate of R.C. 2943.032 and R.C. 2929.19(B)(3)(d) requires that his sentence be vacated and set aside.
The State concedes that Newman was not notified at sentencing of post-release control but argues that Newman's rights were not violated because, at the time of his sentencing, this Court had determined that R.C. 2967.28 was unconstitutional. State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported. However, the Ohio Supreme Court subsequently reversed this decision in State v. Jones (2000),89 Ohio St.3d 519, 733 N.E.2d 1115. In light of this, although the trial court was not obligated to inform Newman of the post-release control at the time of his sentencing, Newman is entitled to notification as to the possible extension of his prison term in accordance with R.C. 2967.28(B) and (C) as follows:
 (B) Each sentence to a prison term * * * for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:
* * *
 (3) For a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened physical harm to a person, three years.
 (C) Any sentence to a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment, if the parole board, in accordance with division (D) of this section, determines that a period of post-release control is necessary for that offender.
Newman is also entitled to notification of post-release control pursuant to R.C. 2943.032.
 Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
 (A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.
 (B) Any such extension will be done administratively as part of the defendant's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation.
 (C) All such extensions of the stated prison term for all violations during the course of the term may not exceed one-half of the term's duration.
 (D) The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board.
 (E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months.
Notification of post-release control is mandatory pursuant to R.C.2929.19(B)(3) which provides in part as follows:
 (3) Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
* * *
 (e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 [2967.13.1] of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender.
Therefore, the trial court is obligated to notify defendants of post-release control and the possibility of sanctions, including prison, available for violation of such controls. The Ohio Supreme Court found inWoods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103 paragraph two of the syllabus, "[p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." See State v.Morrissey (Dec. 18, 2000), Cuyahoga App. No. 77179, unreported.
We note that the reference to any extensions provided by law in the sentencing journal is insufficient to qualify as notification to an offender of post-release control as required by Woods. See Ohio v.Dunaway (Sept. 13, 2001), Cuyahoga App. No. 78007, unreported, fn. 1;Ohio v. Williams (Dec. 7, 2000), Cuyahoga App. No. 76816, unreported.
Newman's first assignment of error is well taken. Newman's second assignment of error is as follows:
 DEFENDANT'S POST-RELEASE CONTROL IS VOID AND MUST BE VACATED AS DEFENDANT WAS NOT SO ADVISED BY THE COURT
Newman argues that his entire sentence, including the post-release control is void as he was not informed of the post-release control at the time of his plea and sentencing. This assignment of error is well taken regarding post-release control only. This Court declines to vacate Newman's entire sentence. Where the trial court has failed to inform the defendant of post-release control prior to the serving of the sentence, this Court has previously remanded and required that the defendant simply be informed of post-release control upon re-sentencing. See State v.Mallet (Nov. 15, 2001), Cuyahoga App. No. 79306, unreported; State v.Rashad (Nov. 8, 2001), Cuyahoga App. No. 79051, unreported; State v.Williams (Dec. 7. 2000), Cuyahoga App. No. 76816, unreported; State v.Shine (Apr. 29, 1999), Cuyahoga App. No. 74053, unreported.
However, in the case sub judice, Newman has served his time of imprisonment, and therefore, we are constrained to follow our decision inState v. Hart (May 31, 2001) Cuyahoga App. No. 78170, unreported, wherein we decided that the imposition of post-release control after the defendant has served his prison term is a violation of the separation of powers doctrine. See State v. Morrissey (Dec. 18, 2000), Cuyahoga App. No. 77179, unreported.
The sentence is affirmed and post-release control is ordered discharged. As such, judgment is affirmed in part and reversed in part.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., AND TERRENCE O'DONNELL, J., CONCUR.